IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02569-MSK-KLM

CHANDRA J. BRANDT,

    Plaintiff,

v.

THE UNIVERSITY OF COLORADO HOSPITAL,

    Defendant.
_____

## ORDER GRANTING STAY
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendant's **Unopposed Motion to Stay Discovery** [Docket No. 15; Filed December 20, 2010]. Defendant seeks to stay the case until resolution of its Motion to Dismiss on the basis of lack of subject-matter jurisdiction [Docket No. 14]. Plaintiff does not oppose a stay pending the outcome of Defendant's Motion to Dismiss. *Motion* [#15] at 1. Accordingly,

    IT IS HEREBY **ORDERED** that the Motion is **GRANTED**. Although stays are generally disfavored, the Court has broad discretion to stay an action while a dispositive motion is pending pursuant to Fed. R. Civ. P. 26(c). *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unpublished decision). Indeed, "a court may decide that in a particular case it would be wise to stay proceeding on the merits until [certain challenges] have been resolved." 8 Charles Alan Wright et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay

discovery on other issues until the critical issue has been decided."); *see also Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

In weighing the factors set forth for determining the propriety of a stay, the Court finds that a stay is justified here.  *See String Cheese,* 2006 WL 894955, at *2.  First, the Court considers Plaintiff's interest in proceeding with her case.  Second, the Court considers the burden on Defendant in going forward.  Here, both parties appear to agree that a stay is appropriate during the pendency of Defendant's Motion to Dismiss which seeks to dismiss Plaintiff's case on the basis of lack of subject-matter jurisdiction.  Courts have routinely recognized that a stay is warranted while the issue of jurisdiction is being resolved.  *See, e.g.*, *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding stay permissible pending ruling on dispositive motion involving jurisdictional issue); *Enplaner, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir. 1994) (same); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2-5 (D.D.C. 2001) (same).  Considering that the parties' interests are aligned, the first two factors weigh in favor of a stay.

The Court also considers its own convenience, the interests of nonparties, and the public interest in general.  *See String Cheese*, 2006 WL 894955, at *2.  None of these factors prompts the Court to reach a different result.  In fact, the Court notes that neither its nor the parties' time is well-served by being involved in the "struggle over the substance of suit" when, as here, a fully dispositive motion is pending.  *See Democratic Rep. of Congo v. FG Hemisphere Assocs., LLC*, No. 07-7047, 2007 WL 4165397 at *2 (D.C. Cir. Nov. 27,

2007) (unpublished opinion) (noting that the reason jurisdictional defenses should be raised at the outset is to avoid unnecessary litigation); *see Chavous*, 201 F.R.D. at 2 ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" (citations omitted)).  Likewise, the imposition of a stay pending the decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further case proceedings]." *Chavous*, 201 F.R.D. at 5.  Finally, the Court is unpersuaded that this case triggers a compelling nonparty or public interest which would prompt a different result.

IT IS FURTHER **ORDERED** that the case is **STAYED** until such time as the Motion to Dismiss [#14] is resolved.

IT IS FURTHER **ORDERED** that the Scheduling Conference set for January 13, 2011 at 9:30 a.m. is **vacated** and will be reset, if appropriate, upon resolution of the Motion to Dismiss.

Dated:  December 20, 2010

BY THE COURT:

 s/ Kristen L.  Mix
Kristen L.  Mix
United States Magistrate Judge